## Simpson *versus* Thornton.

The Act of April 9th 1849, § 16, applies to the removal of tenants by purchasers at Orphans' Court sales after proceedings in partition.

February 26th 1867.    Before WOODWARD, C. J., THOMPSON, STRONG and READ, JJ.    AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia*.

This was a proceeding by J. Alexander Simpson, a purchaser under an Orphans' Court sale of real estate, against John Thorn-ton, to obtain possession of the premises purchased. Eliza Fla-herty, being seised of the real estate in question, died intestate.

Proceedings for the partition of the real estate were commenced in the Orphans' Court, which resulted in a sale to the plaintiff by the administrator by order of the court, which was confirmed March 2d 1866. On the 3d of March the plaintiff gave notice to the tenant in possession, the defendant, to deliver possession in three months. The defendant not having removed, as required by the notice, the plaintiff commenced proceedings for his remo-val before Aldermen John A. Hurley and Philip Dallas. A sheriff's inquisition was accordingly had, and upon their finding the alder-men gave judgment that the defendant make restitution of the premises, &c.

The defendant took out a certiorari to remove the proceedings to the Court of Common Pleas, and in that court filed the follow-ing exceptions :—

1. The only Act of Assembly giving to purchasers of real estate sold under orders of the Orphans' Court, the right to proceed to obtain possession of the purchased premises in the manner pro-vided in relation to purchasers at sheriff's sales, is the Act of 9th of April 1849, and that act has no application to cases of sales made by order of the Orphans' Court in proceedings in partition.

2. If the said act is applicable to this case, it is unconstitu-tional, because it impairs the obligation of a contract.

3. A sale under proceedings in partition, whether at common law, by order of the Orphans' Court or in equity by Master in

[Simpson *v.* Thornton.]

Chancery, is a proceeding *inter partes*, and does not affect existing leases.

4. A sale under proceedings in partition passes the title subject to the rights of existing lessees, who have an estate in the land, which cannot be divested by such sale, whether the lessee held under the decedent or the heirs.

The Court of Common Pleas reversed the proceedings before the aldermen, and the plaintiff took a writ of error, assigning this reversal for error.

*J. A. Simpson*, plaintiff in error, *p. p.*, cited Act of April 9th 1849, § 16, Purd. 451, pl. 142, Pamph. L. 527; Act of June 16th 1836, §§ 105–118, Purd. 450, 451, pl. 128, 141, Pamph. L. 780, 782; Fitzgibbons *v.* Keller, MS., S. C. January 31st 1852.

*J. Thomas*, for defendant in error, cited Acts of 1849 and 1836, *supra;* Fitzgibbons *v.* Keller, *supra;* Catlin *v.* Robinson, 2 Watts 378.

The opinion of the court was delivered, March 11th 1867, by WOODWARD, C. J.—This case came into the Court of Common Pleas by certiorari, and thence to this court by writ of error. It was originally a proceeding before two aldermen and a jury under the provisions of our Execution Law of 16th June 1836, Purd. 450, to obtain possession of real estate sold by order of the Orphans' Court in proceedings in partition, and the only question upon the record is, whether the remedy furnished by the Act of 1836 to purchasers at *sheriff's sales*, for obtaining possession of land, is applicable to a purchaser at an *Orphans' court sale*, where the sale is made to effect *partition*. By the Act of 29th March 1832, Purd. 297, the Orphans' Court are empowered to decree a sale of lands, where, upon proceeding in partition, all parties in interest neglect or refuse to take at the valuation. The order of sale is to be directed to the executor or administrator of the decedent, or, if necessary, to any other suitable person whom the court may appoint trustee for the purpose. Security is to be given, the sale to be approved by the court, and deeds to be made as in other cases of Orphans' Court sales.

By the same act, Purd. 289, the Orphans' Court may decree a sale of decedent's real estate for payment of his debts, or for maintenance and education of his children, or on an application by a guardian setting forth any of the special circumstances enumerated in the 105th section. These powers of sale, thus defined in the Act of 1832, were farther regulated by several provisions of the Act of 24th February 1834, which may be seen at the same pages of Purdon's Digest.

Then came the Act of 9th April 1849, § 16, Purd. 291, which

[Simpson v. Thornton.]

provides that "purchasers of real estate sold under orders of the Orphans' Court, shall, after the confirmation of the sale, and the execution and acknowledgment of the deed, have a right to proceed to obtain possession of the purchased premises *in the same manner as is now provided in relation to purchasers at sheriff's sales.*

It was under this section that these proceedings were instituted. But it is said this section was only intended to bring such Orphans' Court sales as were made for payment of debts under the provisions of the Execution Law of 1836, and this is inferred from the expressions "defendant or any person in possession under him," which run through the Execution Law. We see no ground for the distinction suggested. There is no *defendant* or person under him in the one kind of Orphans' Court sale more than in the other. In both instances the proceeding is *in rem.* The power to decree the sale in both instances is conferred by the same Act of Assembly and in similar words. Regarded merely as a declaration of power, it is precisely as large in the one case as in the other. The difference is not in the powers of the court, in the form of their exercise, or in their legal effect, but only in the circumstances of their application.

The Act of 1849 takes hold of these powers of the Orphans' Court in general and comprehensive terms. It embraces them all, and applies itself in "all cases of bonâ fide sales under the order of and confirmed by the Orphans' Court," and it gives *all* purchasers at such sales the right to obtain possession of the purchased premises in the same *manner* as is now provided in relation to purchasers at sheriffs' sales. The manner of the proceeding is by notice to the party in possession, complaint to two justices, an inquisition, &c. If there be no defendant to serve, there is a party in possession, else the purchaser may enter without legal process, and if other parties besides the tenant are entitled to notice, the court has power to prescribe notice to them. When the Act of 1849 referred itself to the *manner* of the Act of 1836, an exact similitude in all points was not intended, for the legislature knew there were no defendants, in the sense of defaulting debtors, in Orphans' Court proceedings. A sheriff's sale under execution process, and an Orphans' Court sale either for payment of debts or to complete partition, are necessarily distinguishable in some things, but the manner of obtaining possession by purchasers was made common to all these sales. It was the want of such a provision in respect to sales in partition in the Common Pleas that led us to decide, in Fitzgibbons v. Keller, MS. Phila. No. 63 July Term 1850, that a purchaser at a sheriff's sale in partition in the Common Pleas could not avail himself of the remedy provided by the Act of 1836. But in respect to Orphans' Court sales in partition, the Act of

[Simpson *v.* Thornton.]

1849 supplies what was lacking in that case, and hence we hold the proceedings well instituted.

It is argued that this application of the Act of 1836 renders it unconstitutional, as violative of the contract rights of the defendant. The argument is founded on the assumption that the tenant was in possession under a lease for an unexpired term, but the inquisition which the certiorari brought up finds no lease whatever and no unexpired term. It finds that Thornton was in possession of the premises as *tenant*, but no demise or contract of any nature is found or alleged.

How then does our application of the Act of 1836 render it unconstitutional? Where are the contract rights that we are called on to respect? We judge the case by the record, and according to the record Thornton was in under no lease or contract. He was properly notified to surrender the possession, and he was properly called tenant because he who *holds* the possession is tenant, but *non constat* that he ever had a lease from the decedent. If he ever had, no doubt the term was expired, but of this we cannot inquire merely for the sake of getting up the constitutional question, there being nothing upon the record to put us upon such an inquiry.

The judgment of the Common Pleas is reversed, and the proceedings of the aldermen are affirmed at the costs of the defendant in error.